Pearson, C. J.
 

 "Where an appeal
 
 is not prayed
 
 for, the
 
 certiorari
 
 is not a matter of course, and the court will exercise a discretion in regard to the application. In such eases, the petition must account for the fact, why an appeal was not
 
 *117
 
 prayed, and. there must be an affidavit of merits, setting out the facts on which the party founds his belief, that he has a good defense, so as to satisfy the court that his belief is well founded. Where an appeal
 
 is prmjed
 
 for, and the court refuses t@ allow it, or the party is unable to give the security required by law, the
 
 certiorari
 
 is granted as a matter of ■course;
 
 Bledsoe
 
 v.
 
 Snow,
 
 3 Jones, 99 ;
 
 McConnell
 
 v.
 
 Caldwell,
 
 6 Jones, 469. It is, in effect, a mere application to be allowed to file anappeal bond,
 
 mmc pro tunc.
 

 In our case, an appeal was prayed for and granted upon giving an appeal bond -according to law, and the ease did not ■come .up, because the bond was not given. So, the only question is, did the party fail to give the bond, because he had abandoned his right t>© appeal, or beeanse he was unable to procure the security required by the -law, so as to acquit him of laches ? Upon this point, the petition and affidavit are entirely satisfactory; for the.petition-sets forth, that the defendant attended Court and went home, intending to return during ■the week and .attend to -his ease, but was taken violently sick and was -unable to return,-or attend to any business during the rest^of the week.” This accounts for his not giving the bond, and excludes all idea of his having abandoned 'his right
 
 t&
 
 appeal, .and fully acquits him of any imputation of laches. As a matter of course', the party -ought to be put in the same ■condition as if the appeal had been brought -up in the regular way.
 

 It was objected, on the argument, that the petitioner, by his own.showiDg, had no defense at the time the judgment was rendered against him, and took the appeal, because he ■expected to be able to discharge himself, as bail, by surrender of his principal, by, or before, the term of the Superior Court to which sthe appeal was prayed, and tiiis, as was insisted,-proves that .the appeal was taken merely for delay, and .should, therefore, be made an exception to the general rule above stated. In support of this position,
 
 Betts
 
 v.
 
 Franklin,
 
 4 Dev. and Bat. 465, was relied on. It is true, the petiáksser admits he had no defease at the time the judgment was
 
 *118
 
 rendered in the County Court, but it does not'follow that the-appeal was taken merely for delay. On the contrary, the avowed object for appealing was, because the party expected to have a good defense in the Superior Court, and to be then and there able ro avail himself of his right to be discharged by the surrender of his principal, according to the provision of the statute, made in favor of bail. So, the appeal was not for delay, and no reason can be suggested, why one, who is not in default, should be deprived of an opportunity to make available a defense, which is given to him by law, and should not be at liberty to extend the time by appeal or
 
 certiorari^.
 
 as a substitute for an appeal, as far as he is entitled to do, according to the course of the courts, without being obnoxious to the charge of appealing merely for delay.
 

 The case of
 
 Betts
 
 v. Franklin, is not in point. No appeal was prayed in that ease, and being on a ca.. sa. bond, the party could not afterwards discharge himself by a surrender of his principal. So, he did not expect to be able to make a defense in the Superior Court, and lhe
 
 certiorari
 
 could answer no-other purpose but to delay judgment. The general remark made by the Court, in that case, must be referred to circumstances, then presented, and have no application to the case now tinder consideration, which is peculiar, because of the right given to bail, to make a surrender at any time before he is fixed with the debt.
 

 There is error. The judgment, dismissing the
 
 eeriio?'arif
 
 is reversed, and the case should be put upon the trial docket.
 

 Per Curiam,
 

 Judgment reversed',.